VICTOR HOUSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 81428.    Promulgated June 4, 1937.

*Emily Marx, Esq.*, and *Spencer Pinkham, Esq.*, for the petitioner.
*Edward A. Tonjes, Esq.*, and *D. L. Shepard, Esq.*, for the respondent.

2

OPINION.

STERNHAGEN: The petitioner contends that the determination of deficiency was made after the expiration of the statutory period, which he contends expired June 15, 1934, which was two years after the return was filed. (Revenue Act of 1928, sec. 275 (a)). If correct, he escapes the deficiency (Revenue Act of 1928, sec. 601). The Commissioner answers with a waiver signed by the taxpayer on June 12, 1934, extending the period until June 30, 1935, within which extended period the deficiency notice was mailed. The petitioner replies that the waiver is ineffective to extend the period because it was not executed or agreed to by the Commissioner before the expiration of the limitation period. This is the narrow issue to be decided. There is no substantial dispute as to the facts but only as to their legal effect.

Revenue Act of 1928 contains the following provision:

SEC. 276. SAME—EXCEPTIONS.

\*      \*      \*      \*      \*      \*      \*

(b) WAIVERS.—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

\*      \*      \*      \*      \*      \*      \*

It is not disputed that the taxpayer consented before the expiration of the limitation period and it is clear that the waiver was signed by Carter before that time. The petitioner says, however, that Carter's signature of the Commissioner's name was not the required "consent in writing" of the Commissioner. He says Carter was not authorized to sign, and that, if authorized to sign, the signature is still not the whole act of consent; that, under the required or customary practice in the Bureau, there was no consent until the letter notifying him of acceptance was properly approved, which was not until after the period had expired.

The argument must be rejected. Carter was authorized. Although the written authorization under which he acted was given before Helvering became Commissioner in 1933, there is no reason why Helvering could not adopt it. There is nothing in the evidence to show that he repudiated it, but on the contrary there is enough to show that Carter had been acting under the authorization for a year after Helvering became Commissioner.

Since we are dealing in attenuated technicalities, in which the petitioner seeks to identify the letter of notification with the consent, the answer is that there is nothing in this record to support the view that Carter's authority to consent was subject to any con-

dition, or more particularly to a condition precedent of someone else's approval of the notification. There is more reason to treat the initialing by Carter's subordinates as his own self-imposed condition subsequent than as Helvering's condition precedent. The consent was not dependent upon notice of acceptance under the 1928 Act any more than was the consent under the earlier acts. *Greylock Mills* v. *Commissioner*, 31 Fed. (2d) 655; certiorari denied, 280 U. S. 566.

We hold that before the expiration of the limitation period there was a consent in writing by both the taxpayer and the Commissioner to assessment before June 30, 1935.

The petitioner urges further that the consent is by its terms limited to taxes "due under" the return; that this is not broad enough to include all tax which the statute imposes, but only includes such taxes as result from disallowance of deductions; that it excludes a deficiency resulting from adding to gross income an item discovered by the Commissioner to have been omitted from the return.[1] The waiver in evidence is not a specially drafted document for this taxpayer, but is on the blank form widely and ordinarily used, and must be construed as a general administrative form. It is fantastic to believe that the Government intended so to limit the consent or that the taxpayer so understood it when he executed it. But more than that, the language does not warrant such a construction. The tax "due under the return" does not mean the tax "shown on the return" or "resulting from the items shown on the return." It more reasonably means due under a correct return—due under the return contemplated by the statute. Here the Commissioner found that the taxpayer had omitted from his gross income a large amount said to have been derived from a partnership of which he was a member, and the petitioner now practically admits that there was such an omission. He now says that when he consented to extend the period of assessment he limited his consent to all but the most important item of the deficiency. In this he should not succeed unless the language used permits no other construction. Since the language is not so clear, the petitioner's contention fails.

The deficiency which results from a proper recomputation on the merits is not barred by any statute of limitations.

*Judgment will be entered under Rule 50.*

---

[1] See "Is Form 872 a Complete Waiver of the Limitation Period", by Emily Marx, The Tax Magazine, November 1936.